UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDIE K. GRIER,

    Plaintiff,

v.

WAYNE COUNTY CIRCUIT COURT;
EXCLUSIVE REALTY; ESTATE OF CLEMENS MEIER;
CHARLES MADY, JR.; LIPSON, NEILSON, COLE,
SELTER & GARIN, P.C.; BARRIS, SOTT, DENN &
DRIKER, P.L.L.C.;

    Defendants.

Case No. 06-14992
Hon. Sean F. Cox

_____

**OPINION AND ORDER**

    This matter is before the Court on: (1) Defendant Barris, Sott, Denn & Driker, PLLC's Motion to dismiss; (2) Defendant Lipson, Neilson, Cole, Seltzer & Garin, P.C.'s Motion to dismiss; (3) Defendants Exclusive Realty and Charles Mady, Jr.'s Motion to dismiss; and (4) Defendant Wayne County Circuit Court's Motion for judgment on the pleadings. All parties have fully briefed the issues and a hearing was held April 5, 2007. For the following reasons, the Court **GRANTS** Defendant Barris, Sott, Denn & Driker's Motion to dismiss; **GRANTS** Defendant Lipson, Neilson, Cole, Seltzer & Garin's Motion to dismiss; **GRANTS** Defendants Exclusive Realty and Charles Mady's Motion to dismiss; and **GRANTS** Defendant Wayne County's Motion for judgment on the pleadings.

## I.  BACKGROUND

This action arises out of an alleged failure to properly serve documents on Plaintiff in a civil case in Wayne County Circuit Court. [Case No. 02-218172-CK].

Plaintiff filed an action in Wayne County involving property located at 1940 E. Jefferson in Detroit.  He was initially represented by counsel.  The Wayne County Circuit Court granted summary disposition, but allowed Plaintiff to file an amended complaint.  The defendant sought discovery on the amended complaint. However, after Plaintiff allegedly failed to comply with discovery orders, Plaintiff's counsel withdrew.  The Wayne County Circuit Court entered an order in October 2003 requiring Plaintiff to comply with discovery orders by November 7, 2003, or his action would be dismissed with prejudice.  Apparently following a failure to comply, a Notice of Presentment was filed on November 7, 2003.  Plaintiff claims he did not receive the Notice of Presentment.  Plaintiff did not respond to the Notice of Presentment, and an order dismissing his case with prejudice was entered by the Wayne County Circuit Court on November 25, 2003.  Plaintiff claims he also did not receive the order of dismissal.

Nonetheless, Plaintiff filed a timely appeal to the Michigan Court of Appeals.  At his appeal, Plaintiff argued he did not receive the October 2003 order, but did not assert that he did not receive the Notice of Presentment or subsequent order of dismissal.  The appeals court ruled that summary disposition was proper, and rejected Plaintiff's claim that he did not receive notice of the October 2003 order requiring him to comply with discovery requests.

On November 6, 2006, Plaintiff filed a Complaint in this Court alleging: (1) negligence against all Defendants except Wayne County; (2) violation of his due process rights pursuant to 42 USC §1983 against Barris, Sott, Denn & Driker, PLLC ("BSDD") and Lipson, Neilson, Cole,

Seltzer & Garin, P.C. ("LNCSG"); and (3) violation of his due process rights pursuant to 42 USC §1983 against the Wayne County Circuit Court Clerk. Defendants BSDD, LNCSG, Exclusive Realty, and Charles Mady have filed Motions to dismiss. Defendant Wayne County Circuit Court filed a Motion for judgment on the pleadings. Defendant Estate of Clemens Meier, also a defendant in the underlying Wayne County litigation, has not responded in this action.

## II. STANDARD OF REVIEW

"[A] complaint may be dismissed for failure to state a claim upon which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] factual allegations as true. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(citation omitted).

The same standard applicable to motions pursuant to FRCP 12(b)(6) is applicable to motions for judgment on the pleadings pursuant to FRCP 12(c). *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005)(citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-512 (6th Cir. 2001)).

## III. ANALYSIS

As an initial matter, for purposes of this Motion, the Court must accept as true Plaintiff's allegation that Defendants failed to send him the Notice of Presentment and the November 2003 Order of dismissal.

Additionally, the Court recognizes that *pro se* complaints, such as Plaintiff's, are to be

liberally construed and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)(citation omitted). Nonetheless, Plaintiff fails to articulate a legally cognizable claim.

### A. Negligence

Plaintiff agrees that his negligence claim should be dismissed against Defendants BSDD, LNCSG, Exclusive Realty and Charles Mady. [BSDD Response, p.2; LNCSG Response, p.2; Exclusive Realty/Charles Mady Response, p.2]. The only claim alleged against Defendants Exclusive Realty and Charles Mady was the negligence claim. Accordingly, Defendants Exclusive Realty and Charles Mady, Jr. are dismissed.

### B. Due Process Claim Against BSDD and LNCSG

#### 1. BSDD

In order to state a claim under 42 USC §1983, the plaintiff must allege: (1) a person; (2) acting under color of state law; (3) deprived him of a federal right. *Sperle v. Michigan Department of Corrections*, 297 F.3d 483, 490 (6th Cir. 2002).

Plaintiff claims that BSDD violated his due process rights when it violated Michigan Court Rules and failed to serve a copy of the Notice of Presentment and the November 2003 order of dismissal on him.

It is well-settled that attorneys performing their traditional functions as counsel are not state actors for purposes of §1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); see also *Otworth v. Vanderploeg*, 61 Fed.Appx. 163, 165 (6th 2003)("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of §1983"); and *Dhamani v. Choing*, 961 F.2d 1576, *1 (6th Cir. 1992)(unpublished

table)("[A]ttorneys do not act as state actors when they represent litigants before a court.").

Plaintiff asserts that BSDD should be treated as a state actor based on the "nexus test" because it failed to comply with a court rule enacted by the Michigan Supreme Court. "[A] private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). One of the tests for determining when private action should be imputed to the state is the "nexus test." The action of a private party will be treated as state action under the nexus test when there is "a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action fo the latter may be fairly treated as that of the state itself." *Id*. State regulation, such as court rules, is insufficient to justify a finding of a close nexus between the state and a regulated entity. *Id*.

Plaintiff fails to allege any nexus between the state and BSDD's alleged failure to serve the Notice of Presentment and the November 2003 order. The mere fact that BSDD's alleged failure is in violation of a court rule is insufficient to treat BSDD as a state actor. Plaintiff directs the Court to *Dennis v. Sparks*, 449 U.S. 24 (1980). That case is inapplicable on the facts alleged. In *Dennis*, the Court affirmed that private parties who conspired to bribe a judge to obtain an injunction, and did obtain the injunction, were state actors. There are no allegations in this case similar to those in *Dennis*. Accordingly, BSDD is dismissed.

      2.     **NLCSG**

For the same reasons outlined above, NLCSG is not a state actor for purposes of §1983. Further, as NLCSG points out, the alleged action was not done by NLCSG, but by BSDD. Accordingly, NLCSG is dismissed.

In his Response to NLCSG's Motion to dismiss, Plaintiff seeks leave to file a First Amended Complaint to add a claim for conspiracy to violate Plaintiff's constitutional rights. Plaintiff must file a separate motion for leave that includes the proposed amended complaint.

### C. Due Process Claim Against Wayne County

The sole claim against Wayne County is that the Wayne County Circuit Court Clerk failed to "mail Plaintiff a copy of the October 17, 2003 Order as ordered by the Wayne County Circuit Court" in violation of Plaintiffs due process rights pursuant to 42 USC §1983. [Complaint, ¶¶29-30]. In its Motion for judgment on the pleadings, Wayne County argues that Plaintiff's claim is barred by the statute of limitations. Plaintiff did not file a response to Wayne County's Motion.

It is well-settled that because Congress did not specify a statute of limitations for §1983 actions, the federal court borrows the applicable statute of limitations governing personal injury from the state where the action was brought. *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006). In *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988), the Sixth Circuit held that "the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury." (citing *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)). Further, the court held that "Michigan's three year statute of limitations for personal injury claims [MCL §600.5805(10)][1] governs section 1983 actions when the cause of action arises in Michigan." *Id*. (citing *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986)).

---

[1] Section 600.5805(10) provides "[t]he period of limitations is 3 years after the time of death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property."

Accordingly, Plaintiff's claim against Wayne County stemming from an alleged failure to serve a copy of an order issued October 17, 2003, brought November 6, 2006, is untimely. Wayne County is dismissed.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Barris, Sott, Denn & Driker's Motion to dismiss; **GRANTS** Defendant Lipson, Neilson, Cole, Seltzer & Garin's Motion to dismiss; **GRANTS** Defendants Exclusive Realty and Charles Mady's Motion to dismiss; and **GRANTS** Defendant Wayne County's Motion for judgment on the pleadings.

**IT IS SO ORDERED.**

S/Sean F. Cox
**Sean F. Cox**
**United States District Judge**

**Dated:  April 12, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on April 12, 2007, by electronic means and upon Randie K. Grier via First Class Mail at the address below:**

**Randie K. Grier**
**P. O. Box 935**
**Southfield, MI 48037**

S/J. Hernandez
**Case Manager**